IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00061-M

DENNIS T. SHEPARD,  )
)
Plaintiff,  )
)
v.  )  **ORDER**
)
ANDREW SAUL, COMMISSIONER OF  )
SOCIAL SECURITY,  )
)
Defendant.  )

This matter comes before the court on Defendant's petition seeking attorney fees pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act (the "EAJA"), filed April 13, 2021. [DE-27] Both Plaintiff's petition and a stipulation filed simultaneously by Defendant note that the $4,800 sought represents a stipulated settlement between the parties intended to satisfy in full any and all claims arising under the EAJA. [DE-27; DE-29]

Because: (1) Defendant moved seeking an order reversing its decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the case to Defendant for "further administrative action" [DE-24]; (2) Defendant has not argued that its position was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A); (3) Plaintiff timely[1] filed his petition with an itemized statement supporting his application, including a breakdown of the consumer price index ("CPI") relevant to Plaintiff's attorney's location [DE-27-1–4]; and (4) the court discerns no special circumstances making and award unjust, the

---

[1] *See Sargent v. Sullivan*, No. 90-1521, 1991 U.S. App. LEXIS 19457, at *16 (4th Cir. Aug. 22, 1991) (unpublished) (recognizing that 28 U.S.C. § 2412(d) fee applications are timely when filed within 30 days of the expiration of the 60-day appeal period allowed to Government parties under Federal Rule of Appellate Procedure 4(a)(1)(B)).

1

court concludes that Plaintiff has demonstrated eligibility for a fee award under 28 U.S.C. § 2412(d). *See* 28 U.S.C. § 2412(d); *Commissioner v. Jean*, 496 U.S. 154, 158 (1990) (elements of 28 U.S.C. § 2412(d) eligibility); *Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) ("there now can be no doubt that the claimants are the prevailing parties . . . [because] the claimants have achieved their principal goal of reconsideration of their claims"); *Pierce v. Underwood*, 487 U.S. 552, 567 (1988) (burden of persuasion on the substantial-justification issue lies with the Government). The court further concludes that the $4,800 sought is both reasonable and justified in light of the court's determination that an increase in the cost of living reflected by the relevant CPI warrants a fee in excess of the $125-per-hour statutory cap set by 28 U.S.C. § 2412(d)(2)(A).

Accordingly, the court AWARDS Plaintiff $4,800. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, (2010), EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fee awards to any debt that the Plaintiff may owe to the federal government. The court accordingly DIRECTS Defendant to make the check payable to the Plaintiff and to deliver the check to the office of Plaintiff's attorney after subtracting the amount of Plaintiff's outstanding federal debt.

Should Plaintiff prevail upon remand and seek attorney's fees under 42 U.S.C. § 406(b), the court will address Plaintiff's timely application at that time, along with any opposition that the Government may make thereto.

SO ORDERED this the 24th day of June, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2